WO                                                                                                              JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT
# OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman, | No. CV 17-08229-PCT-JAT (DMF) |
| Plaintiff, | |
| vs. | **ORDER** |
| Correct Care Solutions, et al., | |
| Defendants. | |

Plaintiff Lee Michael Beitman, who is confined in the Arizona State Prison Complex-Florence, South Unit, brought this pro se civil rights action under 42 U.S.C. § 1983 against Correct Care Solutions (CCS), Centurion of Arizona, LLC (Centurion), and multiple individual medical personnel: Dr. Martin Gruenberg; Dr. D. Schmidt; Nurse Practitioner (NP) Stephanie Herrick; NP Dorothy Igwe; NP Betty Hahn; and Nurse Amber Norton.  (Docs. 35, 90.)[1]  Before the Court are Beitman's Motions for Default Judgment Against Hahn and Schmidt.  (Docs. 79, 91.)  The Court will deny both Motions.

---

[1] CCS is the private medical provider contracted to provide medical services at the Central Arizona Correctional Facility, a private prison in Florence, Arizona that is operated by the GEO Group.  Centurion is the private medical provider contracted to provide medical services at the Arizona State Prison Complex-Florence.

**I.     Background**

In Count One of his Third Amended Complaint, Beitman alleged that in February 2016, while he was housed at the GEO private prison in Kingman Arizona, he was assaulted by another prisoner and punched in the side of the face, which caused him to suffer a displaced jaw, a pushed-in cheek bone, and severe pain. (Doc. 35 at 4.) Beitman alleged that Dr. Schmidt and NP Herrick failed to provide adequate treatment for his injuries and were deliberately indifferent to his serious medical needs, and Beitman further alleged that CCS had customs, policies, and practices to ignore health needs requests; to falsify medical records and keep incomplete records; and to deny specialist care, medical procedures, and medications in part to save money. (*Id.* at 7–8.) Beitman requested injunctive relief from Centurion in the form of medical treatment to repair injuries to his face. (*Id.* at 9; Doc. 90 at 6.)

In Count Two, Beitman alleged that for years he was denied proper medication and proper medication dosages to treat his low testosterone levels despite lab tests and prior medical records confirming his low testosterone levels. (Doc. 35 at 9–11.) Beitman alleged that Nurse Norton, Dr. Gruenberg, and then NP Igwe and NP Hahn, all failed to properly treat his hormone condition, and, consequently, Beitman suffered secondary problems including pain, cramping, and spine deterioration. (*Id.* at 10–11.) Beitman seeks medical treatment from Centurion for spine injuries caused by the denial of adequate medication for his low testosterone and hormone levels. (*Id.* at 15; Doc. 90 at 6.)

Relevant to Beitman's claims, Corizon was the contracted medical provider at the Arizona State Prison Complex until July 1, 2019, at which time Centurion took over as the contracted medical provider.

On December 6, 2019, service was executed on Defendant Hahn. (Doc. 51.) On December 18, 2019, Hahn filed an Answer to the Third Amended Complaint. (Doc. 53.)

On March 2, 2020, Beitman filed a Motion for Default Judgment Against Hahn. (Doc. 79.) Beitman asserted that, to date, Hahn had not filed an answer or otherwise

responded to the amended pleading. (*Id.*) Hahn filed a Response to the Motion, arguing that she in fact answered the Third Amended Complaint in its entirety. (Doc. 80.) Hahn further argued that, with respect to Beitman's allegations post July 1, 2019—when her employer changed to Centurion—separate counsel appeared to associate with co-defense counsel on Hahn's behalf. (*Id.*) In his Reply, Beitman claimed that Hahn's Answer was only valid as to those claims arising prior to July 1, 2019, and that counsel for Corizon, who filed the Answer for Hahn, had no authority to respond to those portions of the Third Amended Complaint related to Hahn's actions that occurred during her subsequent employment with Centurion. (Doc. 82.)

On April 21, 2020, Beitman filed a Motion for Default Judgment Against Schmidt. (Doc. 91.) Beitman asserted that on January 28, 2020, defense counsel filed a notice consenting to acceptance of service on Schmidt's behalf; however, to date, Schmidt has not filed an answer or otherwise responded to the amended pleading. (*Id.*) Defendants CCS, Gruenberg, Herrick, and Norton filed a Response to Beitman's Motion, arguing that Schmidt is not in default because he was never served. (Doc. 92.) Defendants stated that although counsel advised that she was authorized to accept service for Schmidt, thereafter, counsel was not served and did not receive a service packet with a waiver for Schmidt. (*Id.*)

On July 6, 2020, service was executed on Schmidt. (Doc. 111.) On August 24, 2020, Schmidt filed an Answer to the Third Amended Complaint. (Doc. 113.)

**II.     Default Judgment**

If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Federal Rule of Civil Procedure 55(a). Rule 55 requires a "two-step process" that consists of (1) seeking the clerk's entry of default and (2) filing a motion for entry of default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment'"). Accordingly, a

plaintiff must request entry of default from the Clerk of Court, and, after entry of default is entered, the plaintiff may file a motion for default judgment.

Beitman's argument that counsel for Hahn was not authorized to respond to select portions of the amended pleading when filing the Answer is not well taken. *Cf. United States ex Rel. Cericola v. Fed. Nat'l Mortgage Assoc.*, No. CV 03-2294 GAF (VBKx), 2010 WL 11509044, at *2 (C.D. Cal. Feb. 19, 2010) (noting that the defendant's Answer was struck because it was filed by counsel who was an inactive member of the state bar, and therefore was not authorized to act as counsel). Hahn authorized defense counsel to file an Answer on her behalf, and the Answer is sufficient. Thus, Hahn is not in default.

With respect to Schmidt, as noted, defense counsel filed a Notice on January 28, 2020, stating that Schmidt had consented to defense counsel accepting service on his behalf. (Doc.72.) It is not clear why the U.S. Marshal did not thereafter execute service on defense counsel. Following briefing on the Motion for Default Judgment, Beitman sent to the Court another service packet as to Schmidt, which was forwarded to the U.S. Marshal, who executed service, and Schmidt filed an Answer. (*See* Docs. 111, 113.) In these circumstances, Schmidt is not in default.

Alternatively, even if Hahn or Schmidt were in default, Beitman's Motions for Default Judgment would be premature. *See Marty v. Green*, 2:10-cv-01823 KJM KJN PS, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) (denying motion for default judgment because "plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion for default judgment"). Beitman did not seek the Clerk's entry of default as to either Defendant prior to filing his Motions.

For the above reasons, Beitman's Motions for Default Judgment will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Default Judgment Against Defendant Hahn (Doc. 79) and Motion for Default Judgment Against Defendant Schmidt (Doc. 91).

      (2)    Plaintiff's Motion for Default Judgment Against Defendant Hahn (Doc. 79) and Motion for Default Judgment Against Defendant Schmidt (Doc. 91) are **denied**.

Dated this 18th day of September, 2020.

_____
James A. Teilborg
Senior United States District Judge