WO JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT

OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman, | No. CV 17-08229-PCT-JAT |
| Plaintiff, | |
| vs. | **ORDER** |
| Correct Care Solutions, et al., | |
| Defendants. | |

Plaintiff Lee Michael Beitman, who is confined in the Arizona State Prison Complex (ASPC)-Florence, South Unit, brought this pro se civil rights action under 42 U.S.C. § 1983 asserting Eighth Amendment medical care claims against multiple Defendants. (Doc. 35.) On September 16, 2021, the Court issued an Order granting in part and denying in part three summary judgment motions and dismissing six Defendants. (Doc. 198.) Following that Order, the remaining Defendants are Nurse Practitioners (NPs) Stephanie Herrick and Betty Hahn. (*Id.*) A settlement conference is set for January 11, 2022, and trial is set for April 18, 2022. (Docs. 201, 209.) Before the Court is Beitman's Motion for Injunctive Relief, which NP Hahn opposes. (Docs. 208, 211.) The Court will deny Beitman's Motion.

**I.    Background**

In Count One of his Third Amended Complaint, Beitman alleged that in February

1 2016, while he was housed at the GEO private prison in Kingman Arizona, he was assaulted by another prisoner and punched in the side of the face, which caused him to suffer a displaced jaw, a pushed-in cheek bone, and severe pain. (Doc. 35 at 4.) Beitman alleged that NP Herrick failed to provide adequate treatment for his injuries and was deliberately indifferent to his serious medical needs. (*Id.* at 7–8.)

In Count Two, Beitman alleged that for years he was denied proper medication and proper medication dosages to treat his low testosterone levels despite lab tests and prior medical records confirming his low testosterone levels. (Doc. 35 at 9–11.) Beitman alleged that NP Hahn failed to properly treat his hormone condition, and, consequently, Beitman suffered secondary problems including pain, cramping, and spine deterioration. (*Id.* at 10–11.)

In his Motion for Injunctive Relief, Beitman states that, currently, his testosterone and DHEA hormone levels are normal, and his testicular atrophy has ceased. (Doc. 208 at 2.) Beitman now seeks HCG (human chorionic gonadotropin) hormone treatment to repair the testicular atrophy suffered during the time he was denied proper treatment. (*Id.*) According to Beitman, when he suffered testicular atrophy 34 years ago, HCG was successful in repairing the damage. (*Id.* at 2–3.) Beitman alleges that he made his request for HCG to NP Weigel, but she was told by the Medical Director that HCG would not help Beitman, and the Medical Director also refused Humatropin and Sermorelin treatment for Beitman's muscles. (*Id.* at 3.) Beitman requests an injunction to receive the HCG treatment and treatment for muscle mass loss from his private physician, Dr. Paul Stallone. (*Id.* at 4; Doc. 213 at 4.)

NP Hahn filed an opposition to Beitman's Motion. (Doc. 211.) NP Hahn asserts that that she no longer treats Beitman, the only remaining claim is a damages claim against her, no ripe injunctive relief request remains in the lawsuit, and Beitman failed to demonstrate the required *Winter* factors. (*Id.*)

## II. Preliminary Injunctive Standard

A plaintiff seeking a preliminary injunction must show that (1) he is likely to

succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this "serious questions" version of the sliding-scale test, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another. *See Alliance for the Wild Rockies*, 632 F.3d at 1135. Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, injunctive relief must be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

**III. Discussion**

In its Summary Judgment Order, the Court found that Beitman demonstrated that his low testosterone condition constituted a serious medical need and that there was a question of fact as to whether NP Hahn was deliberately indifferent to his serious medical need in violation of the Eighth Amendment. (Doc. 198 at 26, 38.). *See Jett v. Penner*,

439 F.3d 1091, 1096 (9th Cir. 2006) (to support a medical care claim under the Eighth Amendment, a prisoner must demonstrate "deliberate indifference to serious medical needs") (citation omitted). Therefore, for the purposes of the pending Motion, the Court will assume that Beitman has, at the least, demonstrated serious questions going to the merits of his claim in Count Two, thereby satisfying the first *Winter* factor.

The second *Winter* factor requires Beitman to demonstrate that, absent an injunction, he will be exposed to irreparable harm. *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *see Winter*, 555 U.S. at 22. "[T]here must be a presently existing threat of harm, although injury need not be certain to occur." *Villaneuva v. Sisto*, CIV S-06-2706 LKK EFB P, 2008 WL 4467512, at *3 (E.D. Cal. Oct. 3, 2008) (citing *FDIC v. Garner*, 125 F.3d 1272, 1279–80 (9th Cir. 1997)). Speculative injury is not irreparable injury sufficient for a preliminary injunction. *Caribbean Marine*, 844 F.2d at 674. To support a mandatory preliminary injunction for specific medical treatment, a plaintiff must demonstrate ongoing harm or the present threat of irreparable injury, not a past injury. *See Conn. v. Mass.*, 282 U.S. 660, 674 (1931) (an injunction is only appropriate "to prevent existing or presently threatened injuries"); *Caribbean Marine*, 844 F.2d at 674.

Delays in necessary treatment and pain can constitute irreparable harm. *See Rodde v. Bonta*, 357 F.3d 988, 999 (9th Cir. 2004) (irreparable harm includes delayed and/or complete lack of necessary treatment, and increased pain). In addition to physical harm, serious psychological harm may constitute irreparable injury. *See, e.g.*, *Thomas v. Cnty. of Los Angeles*, 978 F.2d 504, 512 (9th Cir. 1992) ("[p]laintiffs have also established irreparable harm, based on this Court's finding that the deputies' actions have resulted in irreparable physical and emotional injuries to plaintiffs and the violation of plaintiffs' civil rights"); *Chalk v. U.S. Dist. Ct. Cent. Dist. of California*, 840 F.2d 701, 709 (9th Cir. 1988) (the plaintiff's "emotional stress, depression and reduced sense of well-being" constituted irreparable harm).

Beitman argues that treatment with Humatropin and Sermorelin is needed to

reverse damage from muscle mass loss. (Doc. 213 at 4.) He further argues that he "believes that there is a great possibility of becoming sterile from not reversing the testicular atrophy and that being refused treatment would cause irreparable harm and permanent damage[.]" (*Id.*)

Beitman's desire to rebuild lost muscle mass does not satisfy the irreparable harm element. He refers only to a past injury and fails to identify any present or existing injury connected to lost muscle mass. Beitman's belief that there is a "great possibility" of becoming sterile absent HCG hormone treatment also fails to satisfy the irreparable harm element. Beitman alleges only speculative injury based on his belief, not medical evidence. He presents no allegations of current symptoms or pain that constitute irreparable harm necessary for an injunction. Because Beitman fails to meet his burden on the second *Winter* factor, his Motion for Injunctive Relief will be denied.

**IT IS ORDERED** that Plaintiff's Motion for Injunctive Relief (Doc. 208) is **denied**.

Dated this 4th day of January, 2022.

James A. Teilborg
Senior United States District Judge