WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Lee Michael Beitman,

   Plaintiff,

v.

S. Herrick, et al.,

   Defendants.

No. CV-17-08229-PCT-JAT

**ORDER**

  Various filings are pending before the Court.  These include: 1) a notice of settlement filed by Plaintiff and two of the Defendants (Centurion of Arizona LLC and Betty Hahn) (Doc. 220); a motion for appointment of counsel (Doc. 221) filed by Plaintiff; an emergency motion for status conference (Doc. 222) filed by the only non-settling Defendant (S. Herrick), and a motion for sanctions (Doc. 206).  The motion for sanctions will be addressed by separate order.

  Regarding the Notice of Settlement, this Court's order setting final pretrial conference and trial states:

> **IT IS FURTHER ORDERED** that the parties shall keep the Court informed of the possibility of settlement and, should settlement be reached, the parties shall promptly present a Stipulation and Order of Dismissal for signature by the undersigned. Mere Notice of Settlement or notification by phone or e-mail of settlement shall not suffice to vacate the trial date, nor excuse the parties from being ready and able to proceed with trial at the time and on the date set for trial. Filing a notice of settlement shall not prevent the assessment of jury fees notwithstanding Local Rule Civil 40.2(c).

(Doc. 209 at 5).  In the emergency motion, the non-settling Defendant seems to presume that the settling Defendants are excused from the current deadlines in this case by the filing

of a notice of settlement.  This is not true.  As the Order at Doc. 209 makes clear, only the filing of a stipulation of dismissal will excuse a party from the pending trial related deadlines in this case.

Regarding Plaintiff's request for appointment of counsel, appointment of counsel is required when exceptional circumstances are present.  *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  The Court must review both of these factors together in deciding whether or not to appoint counsel. *Id*.

Here, this Court has previously tried the issues regarding Plaintiff's medical care as it relates to the treatment of his facial injuries to a jury.  *See* CV 17-03829-PHX-JAT.  Non-settling Defendant Herrick testified in that trial regarding her treatment of the facial injuries.  (Doc. 312 in CV 17-03829-PHX-JAT).  The jury found in favor of Defendants. (Doc. 317 in CV 17-03829).  Although non-settling Defendant Herrick was not a named Defendant in that case, the jury heard most, if not all, of the same evidence of Defendant's Herrick's treatment of the facial injuries that Plaintiff plans to present in this trial and found there was no deliberate indifference to medical needs.  As a result, the Court finds there is a low likelihood of success on the merits.

Further, the Court finds that throughout this case Plaintiff has been able to articulate his claims pro se.  Additionally, Plaintiff now has the benefit of having observed his court-appointed counsel conduct a civil trial in CV 17-03829.  Finally, in his motion, Plaintiff asks for counsel to conduct discovery.  (Doc. 221).  Discovery in this case is closed and will not be reopened because a firm trial date is three months away.  For all of these reasons, the Court denies Plaintiff's request for appointment of counsel.

Regarding the emergency motion, the non-settling Defendant seeks three orders from the Court: 1) that the parties not exchange exhibits in person due to COVID-19; 2)

that the parties not be required to confer in advance before filing motions in limine; and, 3) a status conference to advise the Court that trial will be less than two weeks.  (Doc. 222). The Court will grant the first two requests and deny the third.

With respect to the third, the Defendants' notice of estimated length of trial stated that trial would be 3-4 days.  (Doc. 207).  Thus, the Court has not held two weeks on its calendar for trial.  To the extent the request for status conference implies that counsel intends to use the status conference as an opportunity to move to continue the pretrial deadlines, the Court has already denied that request.  (Doc. 219).

Based on the foregoing,

**IT IS ORDERED** that all outstanding deadlines are confirmed as to all Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 221) is denied.

**IT IS FINALLY ORDERED** that Defendant Herrick's emergency motion (Doc. 222) is granted to the limited extent that the parties may exchange exhibits (within the current deadlines) by mail and the parties need not confer prior to filing motions in limine. The motion is denied in all other respects.

Dated this 19th day of January, 2022.

James A. Teilborg
Senior United States District Judge