**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman, | No. CV-17-08229-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| S. Herrick, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Lee Michael Beitman's Motion for Rule 11(b) Sanctions (Doc. 206).

On October 1, 2021, Defendant Betty Hahn filed a motion for extension of time to file a motion for reconsideration of the Court's denial of her prior motion for summary judgment. (Doc. 199). On October 14, 2021, Defendant Hahn filed a motion for reconsideration of the Court's denial of her motion for summary judgment. (Doc. 203). In both documents, Defendant Hahn's counsel signed the document but failed to sign the mailing certificate appended to the last page of the filing. (Doc. 199 at 2–3; Doc. 203 at 6–7). This is Plaintiff's first motion for sanctions against Defendant Hahn's counsel.

Plaintiff moves the Court to impose sanctions on Defendant Hahn's counsel for her alleged intentional failure to provide mail service of court documents Doc. 199 and Doc. 203 to Plaintiff as required under Federal Rule of Civil Procedure 5(d). (Doc. 206 at 1). As proof that Defendant Hahn's counsel's conduct was intentional, Plaintiff asserts that Defendant Hahn's counsel failed to remedy the lack of service even after Plaintiff stated

"[t]he Plaintiff never received (Doc. 199) from the defense counsel. This was a violation of Rule 5(d) Fed. R. Civ. P. and the denial of the ability to respond to the motion before the Court made its ruling" in Plaintiff's Objection to Ruling by Magistrate Judge. (Doc. 202 at 2).

Defendant Hahn's counsel asserts that her failure to properly serve Plaintiff by mail was inadvertent and went undiscovered until Plaintiff's Motion for Sanctions, so sanctions are not warranted in this instance. (Doc. 210 at 2). According to Defendant Hahn's counsel, because Doc. 202 was addressed to the Court and did not otherwise warrant a response from Defendant, Defendant Hahn's counsel did not believe a response was necessary nor did Defendant Hahn's counsel realize that Plaintiff was alleging that she failed to properly mail the documents to Plaintiff. (Doc. 210 at 2). Defendant Hahn's counsel further certifies that "[m]oving forward, undersigned counsel will do her best to ensure copies of all court filings will be mailed to Plaintiff via U.S. Mail." (Doc. 201 at 3).

Sanctions are justified under Rule 11 "when a filing is frivolous, legally unreasonable, or without factual foundation, or brought for an improper purpose." *Estate of Blue v. Cnty. of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997). A filing is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). The purpose of Rule 11 is to promote judicial economy by deterring baseless filings, thereby "streamlin[ing] the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Outside of Rule 11, "a district court has the inherent power to impose sanctions on counsel who 'willfully abuse[s] judicial processes.'" *U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). Such a sanction must be supported by "something more" than a finding of recklessness; inherent power sanctions also require an attorney to act with an improper purpose or in bad faith. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).

Here, Plaintiff does not allege that Defendant Hahn's filing was frivolous, unreasonable, or otherwise filed for an improper purpose, so the Court disagrees that Rule

11 sanctions would be appropriate here. Instead, Plaintiff appears to argue that sanctions are warranted because Defendant Hahn's counsel intentionally failed to serve documents on Plaintiff in violation of the Federal Rules of Civil Procedure.

The Court is not convinced that sanctions are warranted here under the Court's general authority to impose sanctions. While Plaintiff has shown that Defendant Hahn's counsel has violated Federal Rule of Civil Procedure 5(d) by failing to properly serve two of her filings on Plaintiff and certify that she did so, Plaintiff has not shown that Defendant Hahn's counsel acted in bad faith or that her actions were otherwise for an improper purpose. In the absence of other evidence, the Court is satisfied with Defendant Hahn's counsel's explanation that her failure to serve the documents on Plaintiff was an undiscovered mistake. *Silaev v. Swiss-America Trading Corporation*, No. CV-14-02551-PHX-JAT, 2017 WL 394342, at *4 (D. Ariz. Jan. 30, 2017) ("Although this Court does not condone Counsel's conduct, it is not convinced that it is appropriate here to exercise its inherent power to impose sanctions as a result of that conduct.") However, the Court cautions Defendant Hahn's counsel that inadvertence to serve documents on Plaintiff "when repeated, reflects contempt for the law, the Court, and [Plaintiff]" and, if repeated, will be viewed as Defendant Hahn's disregard of the Federal Rules of Civil Procedure, our Local Rules, and this Order, at which point sanctions may be appropriate. *See In re Volpert*, 177 B.R. 81, 92 (Bankr. N.D. Ill. 1995); *see also De Foe v. Sprint/United Management Co.*, 196 F.R.D. 392, 393 (D. Kansas 2000).

Finally, Plaintiff also asks the Court to require the Arizona Department of Corrections (ADC) to institute the Prisoner Electronic Filing Program at the facility in which Plaintiff is currently housed. However, the Court lacks the authority to require ADC to unilaterally expand the Prisoner Electronic Filing Program outside the bounds of General Order 14-17. Because Plaintiff is not currently incarcerated at a facility that participates in the Prisoner Electronic Filing Program pursuant to General Order 14-17, his motion for an order requiring ADC to "to start the E-file program at the South Unit facility like the other facilities" is denied.

Accordingly,

**IT IS ORDERED THAT** Plaintiff's Motion for Sanctions is **DENIED** in its entirety. (Doc. 206).

Dated this 25th day of January, 2022.

James A. Teilborg
Senior United States District Judge