**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman, | No. CV-17-08229-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| S. Herrick, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's "Motion to Extend Deadline for Completed Trial Subpoena Rule 60(b)" (Doc. 234) and "Motion to Serve Subpoena on David Robertson, DO" (Doc. 235) and Defendant Herrick's Motion to Strike Plaintiff's Doc. 235 (Doc. 239).

The Final Pretrial Order set forth Plaintiff's deadline to return completed trial subpoenas as January 18, 2022. (Doc. 209 at 1). On January 25, 2022, Plaintiff filed the present Motions, requesting an extension of that deadline to January 31, 2022, based on his mistaken miscalculation of the correct deadline. (Doc. 234 at 1).

In response, Defendant Herrick filed a Motion to Strike Doc. 235 under Local Rule 7.2(m), arguing that his Motion should be stricken because Plaintiff has not completed a trial subpoena and his motion for service is untimely by two weeks. (Doc. 239 at 3–4). Defendant argues that she has suffered "substantial prejudice" by the last-minute notice of Plaintiff's intent to call a physician witness two days prior to the joint proposed pretrial order deadline. (*Id.* at 4).

1/31/22 – but he gets the benefit of the mailbox rule, so his document was effectively filed on Jan. 25.

In the interest of efficiency and fairness, the Court will grant Plaintiff's extension and deems the "Motion to Serve Subpoena on David Robertson, DO" as timely filed.

While Defendant contends that Plaintiff filed his Motions two weeks after the deadline, the Court finds that his filings are only one week late. Because Plaintiff is incarcerated, he gets the benefit of the "prisoner mailbox rule." As such, his effective filing date of his Motions is the date the filings were provided to prison officials for mailing—in this case January 25, 2022. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). And although Defendant argues that Plaintiff did not "submit anything resembling a trial subpoena," Plaintiff attached a proper subpoena and Form USM-285 to his Motion to Serve the Subpoena. (Doc. 235-1). Moreover, to the extent that Defendant argues that Plaintiff was "required to move for the issuance of blank subpoena forms no later than December 15, 2021" to give Defendant notice of his witnesses, the Court's requirement regarding the deadline to request forms was not for the purpose of providing Defendant with knowledge of Plaintiff's witnesses. Instead, the deadline is to ensure that the subpoenas get issued in time for the witnesses to appear at trial. Indeed, the December 15 deadline only required that Plaintiff ask for a specific number of forms, not to disclose the names of his witnesses. Nothing in the Order required Plaintiff to seek the forms from the Court if he chooses to get them another way.

Finally, Defendant Herrick's claims that she has already been prejudiced by Plaintiff's untimely subpoena notice are unavailing. As Defendant Herrick noted, however, "District Courts have inherent power to control their dockets." *Thompson v. Hous. Auth. Of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Balancing the prejudice of both parties, the Court finds that Plaintiff will be substantially more prejudiced than Defendant if he is unable to present witness testimony at trial as a sanction for filing his motion and subpoena one-week late based merely on his inadvertent mistake.[1] *See Fink v. Gomez*, 239

---

[1] The Court does note Defendant's concern that Plaintiff will attempt to use Dr. Robertson as an expert witness without having disclosed him during expert discovery deadlines. (Doc.

F.3d 989, 993 (9th Cir. 2001) (finding that a district court's inherent power sanctions require the litigant to act with an improper purpose or in bad faith).

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion to Extend Deadline for Completed Trial Subpoena Rule 60(b)" (Doc. 234) is granted. Defendant Herrick's Motion to Strike Doc. 235 (Doc. 239) is denied.

**IT IS FURTHER ORDERED** that Defendants' file any substantive response to Plaintiff's "Motion to Serve Subpoena on David Robertson, DO" (Doc. 235) within the time prescribed by the Local Rules.

**IT IS FURTHER ORDERED** that Plaintiff's reply to any response by Defendants be filed within seven (7) days of service of that response on Plaintiff.

Dated this 2nd day of February, 2022.

James A. Teilborg
Senior United States District Judge

---

239 at 2). Because Dr. Robertson was not disclosed as an expert witness prior to the deadlines in this Court's Scheduling Order, Plaintiff should anticipate that Dr. Robertson be able to testify in his capacity as a fact witness only.

- 3 -