**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman, | No. CV-17-08229-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| S. Herrick, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 233) of this Court's January 19, 2022 Order denying Plaintiff's Motion for Appointment of Counsel (Doc. 223).

On January 13, 2022, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 221). On January 19, 2022, the Court denied that motion, finding no exceptional circumstances warranted appointment of counsel given Plaintiff's ability to articulate his claims pro se and a low likelihood of success on the merits of the current case based on the previous jury verdict in a case that largely addressed the same issues. (Doc. 223 at 2). On January 28, 2022, Plaintiff filed the present Motion for Reconsideration of that Order. (Doc. 232).

Pursuant to Local Rule 7.2(g)(1):
> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the

>movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

First, Plaintiff argues that he "lacks the skill set necessary to" prepare for the final pretrial conference and to represent himself effectively at trial. (Doc. 233 at 2). However, Local Rule 7.2(g)(1) requires that motions for reconsideration do not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." Plaintiff raised these concerns in his original motion and the Court addressed them in its prior Order. (*See* Doc. 223 at 2). Moreover, Plaintiff's simultaneously filed Motion for Sanctions (Doc. 236) suggests that he can articulate his claims and his evidentiary objections without the assistance of counsel. Additionally, although Plaintiff seeks counsel to help him file his motions in limine, the deadline to file any such motions was on January 25, 2022.

Next, Plaintiff argues that the Court erred in finding the previous jury verdict indicative of his likelihood of success in this case because he contends that the unfavorable verdict resulted from both the Court's "abuse of discretion and judicial error" and his previous counsel's ineffective performance. (*Id.* at 2–3). Plaintiff proffers a variety of examples of the Court's and his prior counsel's failings that are unrelated to the present request for counsel. However, as discussed in the prior Order, the Court finds a low likelihood of success on the merits in this case because Defendant Herrick testified in the prior case regarding her treatment of Plaintiff's facial injuries, which is central to the issues underpinning both cases. (Doc. 223 at 2). Plaintiff does not argue that Defendant Herrick's testimony was not central to the issues in the previous case nor that the alleged errors of this Court or prior counsel resulted in the improper admission of that testimony. *See Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582 (D. Ariz.

2003) ("[R]econsideration [may not] be used to ask the Court to rethink what it has already thought.") (citations omitted).

Plaintiff further contends that the Court's prior Order both suggests that the Court harbors prejudice against him for appealing the unfavorable jury verdict and disincentives Defendants to offer him a favorable pretrial settlement. (*Id.* at 5–6). Plaintiff contends that the Court's alleged prejudice constitutes an "exceptional circumstance" that requires the Court to appoint him counsel. (*Id.* at 7). However, as explained in the Court's prior Order, a finding of exceptional circumstances only "requires an evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." (Doc. 223 at 2) (citing *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986) (quotations omitted)). The Court does not find that Plaintiff's arguments of this Court's alleged prejudice against him to affect the likelihood of success on the merits of his claims before a jury. Nor does the Court find the same to affect his ability to articulate his claims pro se. [1]

Finally, Plaintiff argues that under *Bounds v. Smith*, his lack of access to a law library at his prison facility violates his constitutional right to access the courts. (*Id.* at 6) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). In *Bounds v. Smith*, the Supreme Court held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However, in *Lewis v. Casey*, the Supreme Court limited its earlier decision in *Bounds* and reversed a Ninth Circuit decision upholding a District of Arizona determination that Arizona Department of Corrections violated prisoners' right to access the courts by failing to update legal materials or provide access to the law library. 518 U.S. 343, 346–347 (1996). The *Lewis* Court clarified that *Bounds* did not establish "the right to a law library or to legal assistance," and instead reiterated the well-known right to

---

[1] To the extent Plaintiff is asking this Court to appoint him counsel based on various alleged errors of the Court and his previous counsel in his prior case, those are issues squarely within the Ninth Circuit's review on appeal and not for this Court to weigh in on.

- 3 -

court access. *Id.* at 350. The *Lewis* Court went on:

> In the cases to which *Bounds* traced its roots, we had protected that right by prohibiting state prison officials from actively interfering with inmates' attempts to prepare legal documents or file them, and by requiring state courts to waive filing fees or transcript fees for indigent inmates. Bounds focused on the same entitlement of access to the courts. Although it affirmed a court order requiring North Carolina to make law library facilities available to inmates, it stressed that that was merely one constitutionally acceptable method to assure meaningful access to the courts, and that our decision here ... does not foreclose alternative means to achieve that goal. In other words, prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.

*Id.* at 350–51 (citations omitted). Here, Plaintiff has not alleged that the prison officials are preventing him from his right to access the courts or from presenting his legal claims. Plaintiff's ability to access the court is evidenced by the various articulate filings before the Court in this case. Thus, the Court does not find Plaintiff's argument persuasive enough to reconsider its Order denying Plaintiff counsel on this basis.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 233) is denied.

Dated this 3rd day of February, 2022.

James A. Teilborg
Senior United States District Judge