**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman, | No. CV-17-08229-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| S. Herrick, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Order Timely Copies. (Doc. 255).

In his Motion, Plaintiff seeks an order requiring the Arizona Department of Corrections (ADOC) "to have copies made available to inmates doing [litigation] with the Court every business day before the legal mail goes out." (Doc. 255 at 2–3). In Plaintiff's view, ADOC and its library staff should be able to make use of the "several other copy machines available" throughout the prison facility for inmate legal copies instead of requiring that inmates only "have legal copies made in the facility library." (*Id.* at 1–2). Plaintiff notes that it has been particularly difficult to get his legal copies made in time for his litigation deadlines during the Covid-19 lockdown procedures over the past two years. (*Id.* at 1).

Plaintiff does not rely on any legal authority for his contention that the Court may order the ADOC and its staff to expedite the timeline for legal copies based on Plaintiff's schedule. Moreover, to the extent Plaintiff is arguing that his right to access the courts is

being infringed, the Court is not persuaded. As stated in the Court's February 3, 2022, Order (Doc. 249), while the U.S. Supreme Court previously held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the U.S. Supreme Court has since explained that the right to access the courts prevents "state prison officials from actively interfering with inmates' attempts to prepare legal documents or file them," but does not establish a right to a law library or affirmative legal assistance, *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996).

Here, Plaintiff has not shown that the ADOC's alleged failure to provide him with copies at his preferred speed constitutes active interference with his litigation or that it has prejudiced him in any way. Indeed, the Court has routinely granted his motions for extension throughout this case.

Additionally, Plaintiff's Motion amounts to a request for a mandatory preliminary injunction on the ADOC to change its inmate legal copy procedures. Plaintiff has not met the standard for such an injunction.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if

the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this 'serious questions' variant of the *Winter* test, "[t]he elements ... must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater*, 184 F.Supp.2d 1016, 1027 (E.D. Cal. 2000). Further, there is a heightened burden where a plaintiff seeks a mandatory preliminary injunction, which should not be granted "unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Am. Refugees v. INS*, 795 F.2d 1434, 1441 (9th Cir. 1986) (citation omitted); *see also Stanley v. Univ. of S. Calif.*, 13 F.3d 1313, 1320 (9th Cir. 1994) ("A mandatory injunction 'goes well beyond simply maintaining the status quo pendente lite [and] is particularly disfavored.'" (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir.1979))). Additionally, the Prison Litigation Reform Act imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials and requires that any injunctive relief be narrowly drawn and the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

Here, Plaintiff does not address any of the *Winter* factors required for obtaining preliminary injunctive relief. Nor does he provide any sworn affidavits or other admissible evidence to support his Motion. A motion for preliminary injunction, including the likelihood of irreparable injury, must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." *Fidelity Nat' l Title Ins. Co. v. Castle*, C 11-0896 SI, 2011 WL 5882878, at *3 (N.D. Cal. 2011) (internal citation omitted). Moreover, neither Defendant in this case works in the prison library so this case does not name the proper parties for the Court to issue the injunction that Plaintiff seeks.

Accordingly,

1 **IT IS ORDERED** that Plaintiff's Motion to Order Timely Copies (Doc. 255) is
2 **DENIED**.
3 Dated this 18th day of February, 2022.

James A. Teilborg
Senior United States District Judge