**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Lee Beitman, et al., | No. CV-17-08229-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Correct Care Solutions, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion to Serve Subpoena on David Robertson, DO. (Doc. 235). The Motion has been fully briefed. (Doc. 235, Doc. 259, Doc. 264). At the Final Pretrial Conference on March 2, 2022, the Court denied Plaintiff's Motion based on the reasoning in this Order. (Doc. 268).

On January 28, 2022, Plaintiff filed this Motion, which the Court deemed timely in its February 2, 2022, Order. (*See* Doc. 240). On February 11, 2022, Defendant Herrick responded. Plaintiff's Motion seeks a subpoena for Dr. David Robertson to testify regarding both Plaintiff's medical records and the Arizona Department of Corrections (ADOC) "Health Service Tech Manual" and related health care provider performance measures. (Doc. 235 at 2). Defendant Herrick's Response contests the relevance of Dr. Robertson's testimony and objects to it as prejudicial and improper expert testimony. (Doc. 259 at 3–4). Defendant Herrick also argues that Dr. Robertson's recital of Plaintiff's medical records or the ADOC manual into the record would violate the best evidence rule. (*Id.* at 4). The Court agrees.

**A. Plaintiff's Medical Records**

Preliminarily, as noted in the Court's February 2, 2022, Order, Plaintiff cannot designate Dr. Robertson as an expert witness because he did not disclose him as an expert witness within the deadlines in the Scheduling Order. (*See* Doc. 240). So, because Dr. Robertson is not a designated expert witness, he cannot testify as to (a) any medical opinions formed from his review of Plaintiff's medical records; (b) established standards of medical care; or (c) whether Defendant Herrick provided Plaintiff with adequate and timely medical care.

Instead, Plaintiff's Reply clarifies that he seeks to have Dr. Robertson testify as a fact witness regarding his work at ADOC conducting medical record audits. (Doc. 264 at 1–3). According to Plaintiff, Dr. Robertson, in his capacity has a Medical Program Administrator, "is obligated to review all [ADOC] inmate medical records when there is a problem with the medical treatment of an inmate." (*Id.* at 1). Plaintiff asserts that Dr. Robertson is a necessary witness for trial "because the Plaintiff has had personal correspondence with Dr. Robertson concerning the Plaintiff's inadequate and untimely medical treatment from the health care provider." (Doc. 235 at 1). As support for this assertion, Plaintiff cites to a letter from Dr. Robertson that reads:

> I am in receipt of your letter dated 11-12-19 regarding your declining testosterone values and your concern that you are not receiving appropriate care. You are correct in saying that I may not direct care. However, I can advocate for patient needs when I feel it appropriate. I have scanned and forwarded your letters to the Medical Director of Centurion, and expect her to look into the matter and discuss with the practitioner on your yard.

(Doc. 77 at 65).

Based on Dr. Robertson's letter, Plaintiff has only shown that he consulted Dr. Robertson regarding his testosterone claims against Defendant Hahn, who has been dismissed from the case. (*See* Doc. 267). Plaintiff has not alleged that Dr. Robertson examined Plaintiff, or his medical records, related to his existing claims against Defendant Herrick. Plaintiff has also not shown that Dr. Robertson would have any

percipient knowledge of Plaintiff's injuries or the related medical records to which he could testify as a fact witness. As such, Plaintiff has failed to establish that Dr. Robertson could provide any relevant, non-expert testimony based on Plaintiff's medical records. Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

Additionally, Plaintiff does not argue that Dr. Robertson is a custodian of records for ADOC or that Dr. Robertson has personal knowledge of Plaintiff's medical records because he reviewed or drafted them while treating Plaintiff, such that he can lay foundation to admit Plaintiff's medical records into evidence. Instead, Plaintiff contends that Dr. Robertson is a necessary witness for trial because Plaintiff "has informed him of all the medical treatment that he has received and all the grievances that Plaintiff has filed since his incarceration." (Doc. 264 at 3). However, even assuming such testimony had proper foundation and relevance, which Plaintiff has not shown, Plaintiff fails to address whether Dr. Robertson's testimony regarding what Plaintiff told him about Plaintiff's medical treatments would be admissible under any hearsay exception. *Kaufman v. Warner Bros. Entertainment Inc.*, No. CV-16-02248-PHX-JAT, 2018 WL 4351292, at *4 (D. Ariz. Sept. 12, 2018) ("With some exceptions, hearsay is an out-of-court statement offered for the truth of the matter asserted, Fed. R. Evid. 801(c), and is generally inadmissible, Fed. R. Evid. 802.").

Moreover, even assuming foundation and admissibility of such testimony, allowing Dr. Robertson to read the contents of Plaintiff's medical records into the record would violate the best evidence rule. Generally, under the best evidence rule, "[a]n original writing ... is required in order to prove its content unless [the Federal Rules of Evidence] or a federal statute provides otherwise." Fed. R. Evid. 1002. Here, neither party is disputing that the best evidence rule applies nor are they asserting an exception to Rule 1002.

Therefore, Plaintiff has not established that Dr. Robertson's testimony regarding

Plaintiff's medical records is necessary in this case.

## B. The ADOC Manual and Performance Measures

Plaintiff also seeks to have Dr. Robertson testify regarding his "personal knowledge of the [ADOC] Health Service Tech Manual and the performance measures required of all health care providers contracted to give adequate and timely medical treatment to inmates in the custody of [ADOC]" in his role as an ADOC Medical Program Administrator. (Doc. 235 at 2; Doc. 264 at 1). Plaintiff argues:

> Plaintiff believes that David Robertson DO is a crucial witness to explain to the jury what performance measures are required from health care providers in treatment of inmates in the custody of ADC which is the foundation in this deliberate indifference case. Plaintiff believes that 'no treatment' is not an option for the performance measures required by the Defendant and the jury needs to know what performance measures that should have been performed by the Defendant.

(Doc. 264 at 3). Plaintiff asserts that Dr. Robertson would be able to provide such testimony as a fact witness, because he testified as a fact witness "in reference to his work capacity" in *Parsons v. Ryan*, No. CV-12-00601-PHX-DKD. (*Id.* at 2). Plaintiff relies on an excerpt of Dr. Robertson's testimony from that case, which appears to be the introductory and background information laying foundation for Dr. Robertson's testimony in that case. (*See* Doc. 264 at 5–8). Plaintiff, however, does not identify any specific performance measures or sections of the manual that Dr. Robertson would testify to, nor does he attach any portion of that transcript showing that Dr. Robertson has information relevant to the remaining issues in this case. Indeed, on the next page of the transcript, which Plaintiff did not include with his reply, Dr. Robertson states: "I [am] not familiar with the specific performance measures," in response to a question about what the performance measures require for patient recordkeeping. *See* No. CV 12-00601-ROS, Doc. 2671 at 90.

Importantly, Plaintiff fails to discuss how the manual and performance measures or Dr. Robertson's testimony regarding the same will have any bearing on the issues in this case. Indeed, Plaintiff does not identify how the contents of the manual or the

performance measures relate to the outstanding issues in the case or Plaintiff's anticipated testimony on those issues, namely: (a) whether Defendant Herrick was aware of Plaintiff's serious medical need and failed to take any action in response to his continued severe pain during the last five weeks that he was housed at the Kingman facility, thereby exhibiting deliberate indifference, and (b) whether Plaintiff suffered harm as a result of Defendant Herrick's alleged deliberate indifference. (*See* Doc. 198 at 31); (*see also* Doc. 209 at 2 ("The motion must state why each non-inmate witness for whom Plaintiff submitted a trial subpoena is a necessary witness for trial.")).

Finally, the manual and performance measures that Plaintiff seeks to have Dr. Robertson testify to are not listed as exhibits in the Proposed Final Pretrial Order. This Court's Order Setting Final Pretrial Conference is clear:

> **IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 37(c), the Court will not allow the parties to offer an exhibit, a witness, or other information that was not: (1) disclosed in accordance with the provisions of this Order; (2) disclosed in accordance with the provisions of the Federal Rules of Procedure; **and** (3) listed in the **joint** Proposed Final Pretrial Order; unless the offering party can show good cause as to why such party failed to comply with these requirements.

(Doc. 209 at 2–3) (emphasis in original).

As such, it would be futile to allow Dr. Robertson to attempt to lay foundation regarding the relevance and admissibility of the manual and performance measures because those exhibits were never disclosed pursuant to the Order Setting Final Pretrial Conference and Plaintiff has not established good cause for his failure to disclose these exhibits. Thus, even assuming proper foundation and relevance of Dr. Robertson's testimony as a fact witness, which is sketchy at best for the reasons discussed above, any subpoena of Dr. Robertson would be futile because the exhibits were not listed in the Final Pretrial Order, as required by Doc. 209.[1] Any subsequent motion to admit the

---

[1] And allowing Dr. Robertson to read the manual or the performance measures into the record would violate the best evidence rule, for the same reasons discussed above regarding Plaintiff's medical records. *See* Fed. R. Evid. 1002.

1  manual and the performance measures would be denied because they were not listed as
2  exhibits.
3        For these reasons, the Court denies Plaintiff's motion to subpoena Dr. Robertson.
4        Accordingly,
5        **IT IS ORDERED** that Plaintiff's Motion to Subpoena Dr. Robertson (Doc. 235)
6  is DENIED. The Clerk of the Court shall not forward the subpoena at Doc. 235-1 to the
7  Marshals for service.
8        Dated this 14th day of March, 2022.

James A. Teilborg
Senior United States District Judge