**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman,<br><br>    Plaintiff,<br><br>v.<br><br>S. Herrick,<br><br>    Defendant. | No. CV-17-08229-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (Doc. 270). As set forth below, the Court denies the motion.

Plaintiff claims that he will not be able to represent himself at trial because he will be required to both ask himself questions and answer those questions before the jury, which the jury will "find to be a comedy." (Doc. 270 at 2). Plaintiff also claims that because Defendants "have made erroneous and unreliable excuses for non-performance of compliance measures," Plaintiff will need counsel "with expertise" to question Defendant at trial. (*Id.* at 3). Plaintiff further contends that appointing him counsel will save the Court time and money, will help prevent Plaintiff from looking like a fool, will ensure a fair trial, and will "avoid the chances of appeal." (*Id.* at 5).

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when

"exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many *pro se* prisoner litigants that lack legal training and have limited access to legal resources. Further, the Court does not find that this Plaintiff is more likely to succeed on the merits of his claims than any other *pro se* prisoner litigant before the Court.[1]

In addition, Plaintiff has not demonstrated that he is experiencing difficulty litigating the case because the issues are complex. Indeed, the two remaining parties are the only witnesses that will be testifying at trial and Plaintiff has only identified two exhibits that he seeks to present to the jury. And, as noted in this Court's Order on summary judgment, the only remaining issues for trial are whether Defendant Herrick was aware of Plaintiff's serious medical need and failed to take any action in response to his alleged severe pain during a period of five weeks while housed at the Kingman Facility, and whether Plaintiff suffered harm as a result of Defendant Herrick's conduct. (*See* Doc. 198 at 31). Moreover, Plaintiff's Third Amended Complaint and his various motions for counsel and pretrial filings in this case are articulate and well-reasoned, that is, Plaintiff has demonstrated his ability to proceed as a *pro se* litigant. Thus, the Court will deny Plaintiff's Motion for the Appointment of Counsel.

Accordingly,

---

[1] Indeed, as discussed in its prior Orders regarding Plaintiff's requests for appointment of counsel, the Court finds a low likelihood of success on the merits in this case because Defendant Herrick testified in the prior case regarding her treatment of Plaintiff's facial injuries, which is central to the issues underpinning both this case and the previous one, and the jury found in favor of the Defendants. (*See* Doc. 249 at 2; Doc. 223 at 2).

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 270) is DENIED.

Dated this 18th day of March, 2022.

James A. Teilborg
Senior United States District Judge