**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman, et al., | No. CV-17-08229-PCT-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| S. Herrick, | |
| Defendant. | |

Pending before the Court is Plaintiff's "Memorandum in Support of Motion to Recuse." (Doc. 275). Plaintiff has also filed what he calls an "Affidavit" in support of his Motion to Recuse. (Doc. 276). Defendant Herrick filed a response. (Doc. 278). Plaintiff then filed a Motion to Strike Defendant's Response. (Doc. 279). The Court now rules.

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455.[1] Plaintiff has failed to comply with the procedural requirements of 28 U.S.C. § 144, namely, an affidavit sufficiently stating the basis for his claims of bias and prejudice. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). Plaintiff's proffered affidavit fails to set forth valid claims of bias or prejudice that would warrant further review by another judge. Thus, his motion will not be granted under that provision.

Section 455 has no procedural requirements but calls for recusal only when "a reasonable person with knowledge of all the facts would conclude that the judge's

---

[1] Although Plaintiff also appears to invoke 28 U.S.C. § 351, any such complaint under Section 351 is not properly filed with the district court.

impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)) abrogated on other grounds in *Simmons v. Himmelreich*, 136 S.Ct. 1843 (2016). "In nearly all cases, the source of any alleged bias must be extrajudicial." *Young v. Arizona Dep't of Env't Quality*, No. CV-20-1617-PHX-DGC-JZB, 2020 WL 5544360, at *2 (D. Ariz. Sept. 16, 2020) (citing *Liteky v. United States*, 510 U.S. 540, 544–56 (1994)). In other words, a judge's rulings, alone, "almost never constitute a valid basis for a bias or partiality motion." *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013) (quoting *Liteky*, 510 U.S. at 555).

Here, Plaintiff alleges no extrajudicial source of bias, nor any bias other than his displeasure with the Court's rulings against his myriad motions in this case and the prior related case. (*See* Doc. 275). Nor has Plaintiff presented evidence of favoritism or antagonism on behalf of the Court. There is no showing or even suggestion that an objectively reasonable basis exists for this Court's recusal. Thus, the Court finds no basis for recusal under 28 U.S.C. § 455, so Plaintiff's motion will not be granted under that section either.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Recusal (Doc. 275) is denied.

**IT IS FURTHER ORDERED** that the Motion to Strike (Doc. 279) is denied.

Dated this 15th day of April, 2022.

James A. Teilborg
Senior United States District Judge