WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lee Michael Beitman,<br><br>    Plaintiff,<br><br>v.<br><br>S. Herrick, et al.,<br><br>    Defendants. | No. CV-17-08229-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's request for a form to order transcripts. The Court will grant the request and direct the Clerk's office to send Plaintiff a form.

However, Plaintiff should note that upon returning the form, he must either pay the fees or show that he is entitled to transcripts at government expense. *See* 28 U.S.C. § 753(f) ("Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)" (parenthetical in original); *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984) (a request for a transcript at government expense should not be granted unless "the appeal presents a substantial issue."). Plaintiff has the burden of demonstrating nonfrivolity and substantiality of the claims. *See Maloney v. E.I. Du Pont de Nemours & Co.*, 396 F.2d 939, 940 (D.C. Cir. 1967). The language in § 753(f) suggests that the inquiries of frivolity and substantiality are not identical. *Corgain v. Miller* states that a claim is frivolous "if the petitioner can make no rational argument in law or facts to support his claim for relief."

708 F.2d 1241, 1247 (7th Cir. 1983). On the other hand, a "substantial" question is defined as "reasonably debatable." *Maloney*, 396 F.2d at 940 (citing *Ortiz v. Greyhound Corp.*, 192 F. Supp. 903, 905 (D. Md. 1959)).

Therefore,

**IT IS ORDERED** that Plaintiff's motion for a transcript order form (Doc. 302) is granted; the Clerk of the Court shall send Plaintiff a transcript order form. However, transcripts shall not be prepared and sent to Plaintiff unless Plaintiff pays the fees or the Court orders the transcripts be prepared at government expense in a subsequent order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for trial transcripts (Doc. 304) is denied without prejudice to Plaintiff following the procedure outlined in this Order.

Dated this 6th day of June, 2022.

James A. Teilborg
Senior United States District Judge